312 P.2d 1067

STATE of New Mexico, Plaintiff-Appellee,

v.

Pablo GALLEGOS, Defendant-Appellant.

No. 6220.

Supreme Court of New Mexico.

June 25, 1957.

Emmett C. Hart, Tucumcari, for appellant.

Fred M. Standley, Atty. Gen., Hilton A. Dickson, Jr., and Fred M. Calkins, Jr., Asst. Attys. Gen., for appellee.

58

COMPTON, Justice.

Appellant is here seeking a reversal of the judgment and sentence following his conviction by a jury of the crime of larceny of a plow. The information contained two counts; the first count alleges the value of the plow to be in excess of $50 and the second count alleges the value of the plow to be less than $50. The jury found the plow was of the value of $75.

The appeal comes to us on the sufficiency of the evidence to sustain the judgment. Specifically, appellant contends that there was no competent proof of value when the evidence is viewed in the light of the instruction of the court. The jury was instructed:

"12. The Court instructs the jury that if you shall find the defendant guilty of the larceny of the goods described in the Information, it will become your duty to determine the market value of the property which you shall find he thus stole. By the words "market value", as here used, is meant the price or prices at which the property could ordinarily be bought and sold, by or between persons who would ordinarily buy and sell goods for cash or trade at an equivalent for cash."

The plow was shop made and was classified by the owner as a "Three point hitch plow." It was constructed from two single beam walking plows which the owner, a Mr. Pilley, had purchased in 1948 at a price of $25 each. A Mr. Meeks had built the plow from the material thus furnished by the owner and was paid $25 for his services.

Clearly, in arriving at the value of the plow, its "market value" when stolen, was the yard stick in making such determination. The record, however, is silent as to market value; possibly it had none. An effort to show market value promptly failed and the matter was pursued no further. There was substantial evidence of value but this evidence all related to extrinsic or replacement value, the value obviously as found by the jury. But being limited to a consideration of market value only, the jury was not warranted in considering cost or replacement value. It follows that the evidence is insufficient to sustain the judgment.

The judgment is reversed and remanded to the lower court with direction to grant appellant a new trial.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and KIKER, JJ., concur.