500 P.2d 204

**STATE of New Mexico, Plaintif-Appellee,**

v.

**Ruben CARMONA, Defendant-Appellant.**

**No. 828.**

Court of Appeals of New Mexico.

July 21, 1972.

**120**

Stephen G. Durkovich, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Prentis Reid Griffith, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SUTIN, Judge.

Carmona was convicted and sentenced for second degree murder. Section 40A–2–1, N.M.S.A.1953 (Repl. Vol. 6). He appeals.

We affirm.

The only claimed error is that during closing argument, the district attorney commented upon Carmona's failure to testify in violation of Carmona's right to remain silent under both the state and federal constitutions.

The record shows that during closing argument, the district attorney asked a series of questions. Carmona did not object during argument, but moved for a mistrial after the jury retired. The motion was denied.

■ The closing argument of Carmona shows that six pages contain comments on the testimony of his defense psychiatrist. In response, the district attorney hammered home a series of fifteen questions that the defense psychiatrist should have asked Carmona during the medical examination. We believe the purpose of asking the questions was to weaken the strength of Carmona's closing argument on the psychiatrist's testimony. Not one of the questions was a direct comment on Carmona's failure to testify nor was one of them comparable to comments made in State v. Miller, 76 N.M. 62, 412 P.2d 240 (1966); State v. Flores, 76 N.M. 134, 412 P.2d 560 (1966); State v. Ford, 80 N.M. 649, 459 P.2d 353 (Ct.App.1969); State v. Jones, 80 N.M. 753, 461 P.2d 235 (Ct.App.1969), where reversible error occurred. Carmona contends that the district attorney suggested "to the jury those questions which in his opinion should have been asked of the

defendant, Ruben Carmona." We do not agree. This contention loses its value in the same manner shown in State v. Lindsey, 81 N.M. 173, 464 P.2d 903 (Ct.App. 1969), cert. den. 398 U.S. 904, 90 S.Ct. 1692, 26 L.Ed.2d 62, where the court said the statements made by the district attorney could not reasonably be construed as comments on Carmona's failure to testify.

■ If the fifteen questions asked could be construed to be "indirect comment" on Carmona's failure to testify, Carmona "opened the door" in closing argument and effectively waived any claim of error. State v. Paris, 76 N.M. 291, 414 P.2d 512 (1966); State v. Gutierrez, 78 N.M. 529, 433 P.2d 508 (Ct.App.1967).

A second reason no constitutional error occurred arises from instructions given by the trial court and Carmona's comments during closing argument.

The trial court, without objection on the part of Carmona, instructed the jury as follows:

16. The Court instructs the jury that the defendant may, if he sees fit, become a witness in his own behalf; but the law imposes no obligation upon him to testify in his own behalf, or as to any material fact in the case, and the fact that the defendant did not take the stand and testify as a witness in his own behalf as to any material fact is not to be taken or considered by you in arriving at your verdict, and no presumption whatever is to be raised against him on account of not testifying in his own behalf.

\* \* \* \* \* \*

22. After these instructions on the law governing this case, the lawyers may make closing arguments or statements on the evidence and the law. These summaries can be of considerable assistance to you in arriving at your decision and you should listen carefully. You may give them such weight as you think proper. However, neither these final discussions nor any other remarks or arguments of the attorneys made during the course of the trial are to be considered by you as evidence nor as correct statements of the law if contrary to the law given to you in these instructions.

During closing argument, Carmona's trial counsel told the jury there were twenty-three instructions the jury would have in the jury room to review, "and I would urge you, at the outset, to review these instructions," and "to look over these instructions," and "the instructions are here for you to look at. I just urge you look at them and to review them." The purpose of this portion of Carmona's argument was to alert the jury to the legal problems involved. This would include instruction No. 16, supra. That instruction was actually for the benefit of Carmona as a caution to the jury. State v. Buchanan, 76 N.M. 141, 412 P.2d 565 (1966); State v. Sandoval, 76 N.M. 570, 417 P.2d 56 (1966).

■ Under the foregoing circumstances, if the district attorney's questions were construed to be "direct comment" or "indirect comment," they did not amount to a violation of Carmona's constitutional rights and do not require a reversal. State v. Leyba, 80 N.M. 190, 453 P.2d 211 (Ct.App. 1969); State v. Gonzales, 78 N.M. 218, 430 P.2d 376 (1967).

■ Finally, we do not believe that objection to improper final closing argument was timely made. Carmona had a duty to object at the earliest time in order to alert the court before allowing the argument to continue. Objections made after the close of the district attorney's argument came too late in the day. State v. Montoya, 80 N.M. 64, 451 P.2d 557 (Ct. App.1968), aff. Deats v. State, 80 N.M. 77, 451 P.2d 981 (1969). Carmona cannot excuse his failure to object during the state's argument to the jury "on the ground that to have done so would have magnified the error in the minds of the jury." State v. Polsky, 82 N.M. 393, 482 P.2d 257 (Ct. App.1971).

Affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.