525 P.2d 858
**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Terry W. SEATON, Defendant-Appellant.**
**No. 9927.**

Supreme Court of New Mexico.
Aug. 23, 1974.

Dow & Feezer, Charles A. Feezer, Leonard T. May, Carlsbad, for defendant-appellant.

David L. Norvell, Atty. Gen., Ralph W. Muxlow II, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

OMAN, Justice.

Defendant appeals from his conviction of first degree murder. We affirm.

The first point relied upon for reversal is defendant's claim that the evidence supporting his conviction is so inherently improbable that his conviction amounts to fundamental error. This claimed inherent improbability arises from the fact that there is evidence from which it could be found defendant was in Clovis, New Mexico, at about 1:00 a. m. on May 19, 1971; drove from there to Portales where he and a companion stopped for gasoline; then drove to Roswell where they stopped for at least thirty minutes; drove from there to Carlsbad where he and his companion both lived; unloaded some stolen clothing; walked about 2,000 feet to a bakery which he twice entered; mutilated and killed the baker; removed the cash register from the bakery at some time around 4:00 a. m.; and he and his companion then drove outside the city where the cash register was broken open and the money removed therefrom some time before 4:30 a. m., when the cash register was found by a farmer residing in the area. The distance between Clovis and Carlsbad is slightly more than 200 miles.

However, there is also evidence that defendant and his companion burglarized a clothing store in Clovis between 10:00 p. m. and midnight on May 18; that they then left at about midnight to make the trip to Carlsbad as above related, and arrived in Carlsbad at about 4:00 a. m.; defendant was seen coming out of the bakery on two occasions by his companion between 4:00 and 5:00 a. m.; on the second occasion defendant was carrying the cash register, which he loaded into his Cadillac Eldorado automobile, which had been driven to and parked near the bakery by the companion at defendant's direction; defendant admitted to his companion that he had killed decedent and mutilated his body with a razor while inside the bakery; another witness, who knew defendant and his companion well, saw the defendant coming out of the bakery and the companion sitting in defendant's automobile, which was parked by the bakery, at some time between 4:00 and 5:00 a. m.; and the death of decedent occurred between 4:00 and 5:00 a. m.

Regardless of the inconsistencies in the testimony of witnesses as to estimated times, and the suggested improbability of defendant accomplishing all he did accomplish during the evening and early morning hours of May 18 and 19, there is positive and overwhelming evidence that defendant did kill decedent and mutilate his body between 4:00 and 5:00 a. m. on May 19.

In support of his claim of inherent improbability, defendant relies particularly upon State v. Garcia, 19 N.M. 414, 143 P. 1012 (1914); State v. Taylor, 32 N.M. 163, 252 P. 984 (1927); State v. Armijo et al., 35 N.M. 533, 2 P.2d 1075 (1931); State v. Maestas, 76 N.M. 215, 413 P.2d 694 (1966). He can find no particular comfort in our decisions in those cases.

He quotes at length from the opinion on rehearing in State v. Garcia, supra, beginning at page 421 of 19 N.M. and page 1014 of 143 P. However, in that case the stated basis for the reversal of the conviction of Francisco Garcia was:

" * * *. A man has been convicted and sentenced to imprisonment for a term of years where there is, not only no evidence to support the verdict, but where the evidence conclusively establishes his innocence. * * * "

In the case now before us, the evidence in support of the verdict is overwhelming, and the only evidence supporting defendant's claim of innocence is the evidence of alibi submitted by him and some of his close friends.

Defendant relies upon the following language appearing in State v. Taylor, supra, most of which was quoted from the opinion in State v. Armijo, 25 N.M. 666, 187 P. 553 (1920):

" * * * [T]here was not 'a single unequivocal fact, established by a single witness, shown by his examination to be fair and willing and able to tell the truth, which pointed unerringly to the guilt of the defendant.'"

The question of credibility of the witnesses and their testimony is for the jury and not for us to decide. Worthey v. Sedillo Title Guaranty, Inc., 85 N.M. 339, 512 P.2d 667 (1973); Cooper v. Burrows, 83 N.M. 555, 494 P.2d 968 (1972); Durrett v. Petritsis, 82 N.M. 1, 474 P.2d 487 (1970); State v. Hudson, 78 N.M. 228, 430 P.2d 386 (1967); State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966); State v. Fagan, 78 N.M. 618, 435 P.2d 771 (Ct.App.1967); State v. Torres, 78 N.M. 597, 435 P.2d 216 (Ct.App.1967). On appeal from a conviction in a criminal case, the appellate court will only review the evidence to the extent necessary to determine whether the verdict and judgment are supported by substantial evidence. State v. Williamson, 78 N.M. 751, 438 P.2d 161 (1968); State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967); State v. Kennedy, 80 N.M. 152, 452 P.2d 486 (Ct.App.1969); State v. Sanchez, 79 N.M. 701, 448 P.2d 807 (Ct.App.1968).

A reading of the record in the case before us clearly shows that the testimony of witnesses as to defendant's presence at the

scene of the crime and as to his admissions of guilt of the murder and the mutilation of decedent's body were unequivocal and inherently credible, and the facts established thereby point positively and unerringly to defendant's guilt of the vicious murder for which he was convicted.

Defendant quotes at some length from the opinion on rehearing in State v. Armijo et al., supra. This quotation ends with the following: " * * *. The verdict rests upon evidence which fails to meet any test of truth. We consider it unsubstantial. * * * "

As above stated, the truth or falsity of evidence is a question for the jury. Clearly the evidence supporting defendant's guilt is substantial. As we have already observed, accepting the reliability of the witnesses and the truth of their testimony, which were matters for the jury, the evidence of defendant's guilt was positive and overwhelming.

In State v. Maestas, supra, which involved a conviction for rape, the point relied upon for reversal was the claimed inherent improbability of the testimony of the prosecuting witness—the victim of the rape. It is true, as urged by defendant, that we stated in our opinion in the Maestas case, in quoting from the Garcia case, that we would not weigh the evidence, but would weigh the prosecutrix' story, not against the denial of the appellant, but in the scales of inherent improbability. We have weighed the evidence now before us in these scales, and we have found the evidence to be substantial, overwhelming and positive as to defendant's guilt. There is absolutely no merit to defendant's position.

In his second point relied upon for reversal, defendant asserts he was denied a fair and impartial trial by an accumulation of errors occasioned by misconduct of "the prosecution." He apparently equates "the prosecution" with the sheriffs, the district attorney and the assistant district attorney, because they are the persons he claims were guilty of misconduct which deprived him of a fair trial.

The doctrine of cumulative error is recognized in New Mexico and may be raised as an issue on a direct appeal. State v. Victorian, 84 N.M. 491, 505 P.2d 436 (1973); State v. Polsky, 82 N.M. 393, 482 P.2d 257 (Ct.App.1971); State v. Gutierrez, 78 N.M. 529, 433 P.2d 508 (Ct. App.1967). However, the doctrine is not applicable if the claimed errors were not committed by the trial court and the entire record demonstrates that the defendant did receive a fair trial. State v. Victorian, supra; State v. Polsky, supra.

The first two claims of misconduct allegedly constituting error are directed against actions of the sheriffs of Eddy and Lea Counties. The first of these is that the sheriff of Eddy County violated a protective order of the district court entered January 30, 1973 by which the law enforcement officers of Eddy County were prohibited from questioning defendant and from removing him from the Eddy County jail, except for trial purposes. On March 21, 1973, defendant wrote a note to the sheriff's wife in which he stated he was not writing about his "case or any other case," but was writing her as a "friend," and asked if he could have a few minutes of her time for a "friendly conversation." She agreed to see him, and the sheriff took defendant to the kitchen in the courthouse where she and defendant had a conversation. When the district attorney, during the presentation of the State's case at trial, undertook to question the sheriff concerning the contents of this conversation, defendant objected, the objection was sustained, and the sheriff was dismissed from the witness box.

This removal of defendant from his cell to the kitchen for the friendly conversation he had requested with the sheriff's wife was first claimed to have been prejudicial to defendant at the time he filed his amended motion for a new trial on May 17, 1973, some thirteen days after the jury verdict had been returned and received.

Other grounds for a new trial were also asserted in this motion. A hearing was

conducted by the trial court on this motion on June 5, 1973. Evidence was offered in support of the next claim to be discussed, but not in support of the claim of prejudice by reason of the conversation. If the removal of defendant from his cell to the kitchen at his request amounted to a violation of the protective order, there is absolutely nothing in the record to indicate the slightest prejudice to him by reason of this violation.

Defendant next complains he was prejudiced because the sheriff of Lea County, in which the case was tried on a change of venue, escorted three or four of the male jurors through the Lea County jail and they saw defendant in a cell and heard an exchange of words between him and the sheriff.

The three or four jurors were merely shown the jail facilities. The exchange of words between him and the sheriff consisted of his complimenting the sheriff on the cleanliness of the jail and the sheriff's reply of thanks for the compliment. For a somewhat similar situation and claim of error see State v. Rushing, 85 N.M. 540, 514 P.2d 297 (1973).

After hearing evidence, the trial court found nothing to indicate any prejudice to defendant. We agree. We do, however, in order to avoid such claims of error and to save the great amount of judicial time and expense incurred in disposing of these claims, caution all district attorneys and trial judges to warn all law enforcement officers and court employees against any actions which may in any way be construed as improper or as violative of the rights of defendants to a fair and impartial trial.

We now turn our attention to the claimed acts of misconduct on the part of the district attorney and assistant district attorney who prosecuted the case against defendant. These claims relate to ten separate comments made by these attorneys in their closing arguments. At the outset, we should observe that defendant made no objections to any of the now alleged improper remarks. As stated in State v. Victorian, supra:

"Even were we to concede the argument in some particulars exceeded the bounds of propriety, defendant is in no position to complain. No objections were made to any of the arguments about which he now complains on appeal. If he felt the remarks by the prosecutor exceeded the bounds of propriety, the burden was on him to make objection at the time the remarks were made, and not wait until the trial was concluded and then seek relief by asking that the verdict be set aside or the judgment entered thereon be reversed on appeal. Torres v. Territory, 16 N.M. 615, 121 P. 27 (1911); State v. Carmona, 84 N.M. 119, 500 P.2d 204 (Ct.App.1972); State v. Polsky, 82 N.M. 393, 482 P.2d 257 (Ct. App.1971). We do not agree that the argument of the prosecutor shows he 'was acting in extreme bad faith.' We do not, however, wish to be construed as departing from the requirement that the prosecutor must exercise good faith and reasonable caution to avoid unfairness. State v. Polsky, supra."

See also, State v. Gillihan, 1974, 86 N.M. 439, 524 P.2d 1335.

Defendant claims that four of the remarks about which he complains had the effect of giving the district attorney's personal assurances that certain witnesses were credible. We have carefully read these remarks in the context in which they were made, and we disagree.

In another of his remarks, the district attorney branded one of the statements of defendant as false when in fact it was true. The truth of this statement was subject to ready verification, since it involved a sentence of defendant to jail for ninety days for contempt of court in a prior and totally unrelated case. We agree with defendant that this was an irresponsible statement by the district attorney and should not have been made. However, de-

fendant made no objection thereto and it was so inconsequential upon the question of defendant's credibility, or upon any issue in the case, that defendant could not have been prejudiced thereby. We caution prosecutors against making inaccurate statements in their arguments.

It is claimed that two of the remarks referred to matters not in evidence. Defendant is mistaken in both instances.

In another of the remarks, reference was made to the fact that decedent's widow did not testify at the preliminary hearing but her granddaughter did. Apparently there was no evidence at trial concerning this, and to that extent, the remark was outside the evidence adduced before the jury. However, the remark is of no significance whatever, and could not possibly have prejudiced the defendant.

In another remark the district attorney made a comment to the effect that one of the witnesses felt defendant would kill him. We seriously doubt this remark, when taken in context, in any way inflamed or prejudiced the jury as now contended by defendant. In any event, as already stated, defendant made no objection thereto at the time. If he thought he was in any way improperly prejudiced or the jury inflamed thereby, it was his duty to object and give the trial court an opportunity to pass upon the propriety or impropriety of the remark.

In the final remark to which objection is now made, the assistant district attorney stated: "The State submits we wouldn't be here if we didn't think we had him [the murderer]." This would appear to be a statement of an obviously evident fact. As already stated, even if this remark was improper, defendant should have objected and given the trial court an opportunity to correct the impropriety.

The judgment of conviction should be affirmed.

It is so ordered.

McMANUS, C. J., and STEPHENSON, J., concur.