546 P.2d 858

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**James Robert HOWELL, Defendant-Appellant.**

**No. 2068.**

Court of Appeals of New Mexico.

Feb. 10, 1976.

Toney Anaya, Atty. Gen., Ralph W. Muxlow, II, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Gerald Chakerian, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

HENDLEY, Judge.

Defendant appeals his conviction of aggravated assault § 40A–3–2, N.M.S.A. 1953 (2d Repl.Vol. 6, 1972) and sodomy § 40A–9–6, N.M.S.A.1953 (2d Repl.Vol. 6, 1972), subsequently repealed by Laws 1975, ch. 109 § 8, after a transfer pursuant to § 13–14–27, N.M.S.A.1953 (Repl.Vol. 3, 1968, Supp.1973) asserting two grounds for reversal: (1) that the trial court should have granted his motion to dismiss pursuant to Rule 37 of R.Cr.P. § 41–23–37(b), N.M.S.A.1953 (2d Repl.Vol. 6, 1972, Supp. 1975) and (2) that the sodomy statute is unconstitutional.

*Motion to Dismiss*

The following is a chronological sequence of events leading up to the trial:

On September 21, 1974, defendant was arrested for crimes that are in issue in this appeal. At that time the defendant was sixteen years old. On September 24, 1974, a Children's Court Petition was filed against defendant. On the same day an order to continue defendant's detention and a motion to transfer the defendant to the district court for prosecution were filed. The hearing on the motion to transfer was set for October 7, 1974. The court granted the motion to transfer on Novem-

ber 11, 1974. On November 15, 1974, an information was filed against the defendant in the district court. On March 31, 1975, the defendant moved to dismiss with prejudice under Rule 37 because more than six-months had elapsed since the original petition had been filed in Children's Court. The motion was denied. On April 1, 1975, the defendant filed a Petition for Writ of Prohibition in the State Supreme Court on the same grounds as the above motion. The petition for writ was denied (S.Ct.No. 10423). Defendant's trial was held on April 9, 1975.

This issue raises two questions: (1) whether the Supreme Court's denial of the Writ of Prohibition precludes review of the trial court's denial of the motion to dismiss and (2) whether the six-month rule should run from the time of filing of the Children's Court Petition.

Does the Supreme Court's denial of a Writ of Prohibition preclude our review of the trial court's denial of defendant's motion to dismiss? Our answer is in the negative. The situation here is different than those where we have been asked to review a Supreme Court Order granting an extension pursuant to Rule 37. See *State v. Sedillo,* 86 N.M. 382, 524 P.2d 998 (Ct.App.1974). *State ex rel. Townsend v. Court of Appeals,* 78 N.M. 71, 428 P.2d 473 (1967), indicates that a denial of a Writ of Prohibition may be for a variety of reasons, one of which would be that there is not an absence of jurisdiction. Thus, the denial of a Writ of Prohibition has no specific finality.

We are confronted with the specific issue, under the foregoing sequence of facts, of when does the time start to run for a determination of the six-months pursuant to Rule 37, supra.

Section 13–14–30, N.M.S.A.1953 (Repl.Vol. 3, 1968, Supp.1973) states in part that a judgment in any proceedings on a petition under the Children's Code shall not be deemed to be a conviction of a crime. It would seem then to follow that the period of time spent prior to the actual transfer and the filing of the criminal information would not count. This is further buttressed by the language of Subsection (e) of Rule 37 which defines "in custody" as "custody on the charge contained in the information or indictment." Subsection (b) states that all trials shall commence within six-months after the filing of the information, indictment or the date of arrest whichever is later. Arrest, of course, must naturally be on the criminal charge for which the individual is being tried in district court. See Subsection (d).

From the foregoing it is obvious that the time limitation set forth in Rule 37 dictates that the time started running upon the filing of the information.

*Sodomy Statute*

 The majority of this panel abides by the decisions of this court prior to *State v. Elliott,* 88 N.M. 187, 539 P.2d 207 (Ct. App.1975).

Affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.