546 P.2d 878

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Victor Clay RICHARDSON, Defendant-Appellant.**

**No. 2149.**

Court of Appeals of New Mexico.

Feb. 10, 1976.

Santiago E. Juarez, Lynn Allan, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Ralph B. Muxlow II, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant shoplifted a combination radio and tape deck. He was convicted of shoplifting merchandise valued at more than $100.00 but not more than $2,500.00. Defendant challenges both the evidence and the instruction concerning value.

The evidence is that the retail price of the merchandise was $119.97 and the wholesale price was $84.97. If the retail price is sufficient evidence of value, the crime was a fourth degree felony. If the wholesale price is the value evidence to be

considered, the crime is a petty misdemeanor. Section 40A–16–20(B), N.M.S.A.1953 (2d Repl.Vol. 6).

Our property crime statutes do not state how value is to be determined. As examples, see §§ 40A–16–1, 40A–16–6, 40A–16–7, 40A–16–11, N.M.S.A.1953 (2d Repl.Vol. 6). The decisions have used the term "market value" as the test. See *State v. Gallegos*, 63 N.M. 57, 312 P.2d 1067 (1957) and committee commentary to U.J.I.Crim. 16.01. The trial court instructed the jury that "value" was to be determined by "market value", however the instruction informed the jury that value meant the "retail market value". Defendant contends that the retail price was not evidence of market value and that the instruction erred in stating market value was the retail market value.

*People v. Tijerina*, 1 Cal.3d 41, 81 Cal. Rptr. 264, 459 P.2d 680 (1969) states:

"In the absence of proof, however, that the price charged by a retail store from which merchandise is stolen does not accurately reflect the value of the merchandise in the retail market, that price is sufficient to establish the [reasonable and fair market] value of the merchandise * * *."

*People v. Irrizari*, 5 N.Y.2d 142, 182 N.Y.S.2d 361, 156 N.E.2d 69 (1959) states:

"* * * [M]arket value * * * denotes not the value of the goods in the market in which the owner had purchased them or in which he could replace them, but the value in the market in which the goods were being traded, namely, the price at which they would probably have been sold in the regular course of business at the time when and place where they were stolen."

There was no evidence that the retail price did not accurately reflect the value of the merchandise on the retail market. The evidence of the retail price was sufficient for the jury to determine there was a market value of more than $100.00. The trial court did not err in instructing that value was to be determined by the retail market price.

Oral argument is unnecessary. The judgment and sentence are affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.