573 P.2d 230
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Alvino DOMINGUEZ,
Defendant-Appellant.**

**No. 3028.**

Court of Appeals of New Mexico.

Nov. 15, 1977.

Dale B. Dilts, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Suzanne Tanner, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of burglary and larceny, defendant appeals. Sections 40A–16–3 and 40A–16–1, N.M.S.A. 1953 (2d Repl. Vol. 6). One issue listed in the docketing statement has been abandoned. *State v. Vogenthaler,* 89 N.M. 150, 548 P.2d 112 (Ct.App.1976). We discuss: (1) applicability of Rule of Crim.Proc. 37; (2) proof of value; (3) comments by the prosecutor; and (4) the sentence imposed.

*Applicability of Rule of Crim.Proc. 37*

Acting on "information received", on April 14, 1976 police officers went to the trailer of defendant. Defendant was advised of his constitutional rights and executed a "consent to search" form. As a result of the search and conversations with defendant, the officers determined that defendant had been involved in the burglary. Defendant was taken to the police station where he was questioned. "Then, they let me go to see if I could find stolen goods or other burglaries or help them in some way." The officers told defendant that a report would be submitted to the district attorney. No charges were filed against defendant at this time. According to the docketing statement, upon defendant's release "[h]e proceeded to California forthwith."

The indictment was filed May 6, 1976. An arrest warrant was issued on May 10, 1976. There is no return to this warrant. An alias warrant was issued May 21, 1976. Defendant was arrested in California on the New Mexico warrant on December 24, 1976. He was returned to New Mexico sometime in February, 1977 and arraigned on the indictment on February 28, 1977. The case came on for trial on April 14, 1977.

Prior to trial, defendant moved to dismiss the indictment on the basis that the six-month time provision of Rule of Crim.Proc. 37 had expired. This motion was denied after an evidentiary hearing; defendant asserts this was error.

■ Defendant does not claim that the State had attempted to circumvent Rule of Crim.Proc. 37. There is no subterfuge issue in this appeal. See *State v. Lucero,* 91 N.M. 26, 569 P.2d 952 (Ct.App.) decided September 13, 1977. Nor is there any issue concerning trial delay because defendant was in California. Under Rule of Crim.Proc. 37(d), only the Supreme Court can determine that defendant was responsible for failure to comply with the time limits. The Court of Appeals has no authority to make such a determination. *State v. DeBaca,* 90 N.M. 806, 568 P.2d 1252 (Ct.App.1977).

The issue is when the six-month time limitation began to run. Rule of Crim.Proc. 37(b) states:

The trial shall be commenced within six months after the date of filing in the district court of the complaint, information, indictment . . . or the date of arrest, whichever is later.

Defendant asserts he was arrested on April 14, 1976. The indictment was filed in the district court on May 6, 1976. Defendant asserts this was the "later" event that started the running of the six-month time period. The contention is that the time limitation had expired when the case came on for trial in April, 1977 and defendant was entitled to a dismissal. See Rule of Crim.Proc. 37(d).

■ The trial court found that defendant was arrested on April 14, 1976. We agree. "A person is arrested when his freedom of action is restricted by a police officer and he is subject to the control of the officer." *State v. Frazier,* 88 N.M. 103, 537 P.2d 711 (Ct.App.1975). The fact that this arrest

occurred does not, however, dispose of the issue.

The six-month time limitation first appeared in Civil Procedure Rule 95. See *State v. DeBaca*, supra. That rule required that trial be commenced within six months of filing the information or indictment; that is, six months from the date the district court charges were filed. Under this wording, the prosecutor was required to seek an extension from the Supreme Court if a defendant could not be located in time to try the case within the six-month period. When Civil Procedure Rule 95 was repealed, and the Rules of Criminal Procedure were adopted, see *State v. DeBaca*, supra, the "date of arrest" provision was included in Rule of Crim.Proc. 37(b). However, the requirement of "filed" charges was carried over from Civil Procedure Rule 95. This history indicates that "arrest" in Rule of Crim.Proc. 37(b) means an arrest on charges that have been filed in the district court.

Consistent with the above history, *State v. Howell*, 89 N.M. 10, 546 P.2d 858 (Ct.App. 1976) states: "Arrest, of course, must naturally be *on the criminal charge* for which the individual is being tried in district court." (Our emphasis.)

Under Rule of Crim.Proc. 37(b), the six-month time limitation begins to run from the date of the district court filing of the charge to be tried or defendant's arrest on the filed charge, whichever is later. It is undisputed that no charges had been filed when defendant was arrested on April 14, 1976. The only showing is that the police desired to use defendant as an informer and any filing of charges would be up to the district attorney. The April 14, 1976 arrest did not begin the running of the six-month time period. The earliest the time period began to run was December 24, 1976, when defendant was arrested in California. For a discussion of the legal doctrine applicable to delay prior to the filing of charges, see *State v. Tafoya*, 91 N.M. 121, 570 P.2d 1148 (Ct.App.), decided October 11, 1977.

*Proof of Value*

"Larceny consists of the stealing of anything of value which belongs to another." After defining the offense, § 40A–16–1, supra, is concerned with the degrees of the offense. Compare *State v. Kraul*, 90 N.M. 314, 563 P.2d 108 (Ct.App.1977); *State v. Chavez*, 82 N.M. 569, 484 P.2d 1279 (Ct.App. 1971).

The indictment charged defendant with a fourth degree larceny on the basis that the value of the items stolen was over $100.00 but not more than $2,500.00. Defendant asserts the proof is insufficient to establish this degree. There are two claims, both go to valuation.

The first claim is that there was no proof that the items stolen were valued over $100.00. The victim testified that the value of the items stolen exceeded $100.00. He also testified that he had purchased a specific item (a cassette deck) two or three months prior to its theft and paid $250.00 for the item. The victim was the owner of the property. His testimony was competent. *State v. Romero*, 87 N.M. 279, 532 P.2d 208 (Ct.App.1975). His testimony was substantial evidence of a value in excess of $100.00. *State v. Landlee*, 85 N.M. 449, 513 P.2d 186 (Ct.App.1973).

The second claim is that there was no proof that the items stolen did not exceed $2,500.00. This contention is based on the jury instructions. The trial court instructed the jury that the State was required to prove, beyond a reasonable doubt, that the value of the stolen items had a market value over $100.00 and less than $2,500.00. We discuss the propriety of the instruction in the following paragraph. There was no objection to this instruction and there is no appellate claim that it was error. The instruction was the law of the case. *Adamson v. Highland Corporation*, 80 N.M. 4, 450 P.2d 442 (Ct.App.1969). The only proof as to value was that the value of all stolen items exceed $100.00 and the value of one specific item was $250.00. From this evidence the jury could determine that the value of the stolen items was less than

$2,500.00. *State v. Phillips*, 83 N.M. 5, 487 P.2d 915 (Ct.App.1971). Absent additional proof of value, the jury could not have determined that the value exceeded the $2,500.00 limit. See *State v. Gallegos*, 63 N.M. 57, 312 P.2d 1067 (1957).

■ The instruction requiring the State to prove the value was less than $2,500.00 does not accord with the approved jury instructions in criminal cases and should not have been given. U.J.I.Crim. 16.00 provides that the jury is to determine whether the market value was "over $_____". The Use Note to the instruction states that if the charge is a third degree felony (over $2,500.00), then $2,500.00 is to be inserted in the blank. If the charge is a fourth degree felony (over $100.00), then $100.00 is to be inserted in the blank. The approved jury instructions do not require the State to prove, in this fourth degree larceny, that the value of the stolen property was less than $2,500.00. The failure to follow the approved instruction does not benefit defendant. The instruction given required additional proof from the prosecutor, and this requirement was met.

*Comments by the Prosecutor*

Defendant claims that he was denied a fair trial because of four comments by the prosecutor.

(a) Two of the comments are asserted to be references to a criminal record in Artesia.

■ In his opening statement, the prosecutor told the jury that the victim had returned to his apartment prior to the burglary and found defendant looking into the apartment through a window. The prosecutor stated that the victim told Deputy Flores that defendant was known to the victim only as "Sonny" and that the victim knew that defendant was from Artesia. "Mr. Flores had followed that lead up and was indeed able to identify this man Sonny as being Mr. Alvino S. Dominguez through contacts with the Artesia Police Department." Defendant did not object to this remark when made. He waited until the prosecutor concluded the opening statement and then moved for a mistrial.

Assuming, but not deciding, that the motion for a mistrial can be considered a timely objection to the prosecutor's comment, the remark was not improper. The remark conveys the information that someone in the Artesia Police Department knew "Sonny", but the remark conveys nothing about a criminal record. Even if the remark could be so construed, the trial court instructed the jury that remarks in the opening statement were not evidence, that the evidence to be considered was that admitted during the course of the trial. All jurors indicated that they understood this instruction, would disregard the opening statements of the lawyers, and would decide the case only on the evidence. This cured any prejudice resulting from the remarks. *State v. Valdez*, 83 N.M. 632, 495 P.2d 1079 (Ct.App.1972), aff'd, *Valdez v. State*, 83 N.M. 720, 497 P.2d 231 (1972), cert. denied, 409 U.S. 1077, 93 S.Ct. 694, 34 L.Ed.2d 666 (1972).

■ During closing argument, the prosecutor reminded the jury that defendant was from Artesia and not Santa Fe. "Defendant was not a man well known in Santa Fe. Defendant did not have all kinds of opportunities to go casing out different places." No objection was made to this remark, *State v. Riggsbee*, 85 N.M. 668, 515 P.2d 964 (1973). In addition, it cannot be construed as a reference to a prior criminal record in Artesia.

(b) Two of the comments are asserted to be references to defendant's failure to testify.

■ In his opening statement, the prosecutor told the jury that he would call three witnesses. In closing argument, the prosecutor stated there were really four witnesses because Officer Thomas "told you exactly what the defendant told him". This was a fair comment upon the trial testimony; it is not to be construed as an improper comment on defendant's failure to testify.

■ Subsequently, the prosecutor stated "what I'm asking you to believe is the

fourth witness, the fourth unseen witness, the testimony given to you through Joe Thomas that the defendant confessed and he confessed voluntarily to the crime. There has been absolutely no controversion [sic] whatsoever to that testimony. That testimony is the only evidence on that subject before you."

The comment that Officer Thomas' testimony was not controverted and the only evidence on the subject of defendant's confession was not an improper comment upon defendant's failure to testify. *State v. Aguirre*, 84 N.M. 376, 503 P.2d 1154 (1972).

■ The comment concerning defendant as an "unseen witness" was an indirect comment on defendant's failure to testify. This indirect comment did not amount to reversible error under the circumstances of this case. The trial court gave U.J.I.Crim. 40.31. This instruction told the jury not to draw any inference of guilt from the fact that defendant did not testify. The Use Note to U.J.I.Crim. 40.31 states the instruction "must" be given on the request of a defendant who does not testify and "must not" be given if the defendant objects. There is no claim that U.J.I.Crim. 40.31 was improperly given in this case. In these circumstances the indirect comment does not require a reversal. *State v. Carmona*, 84 N.M. 119, 500 P.2d 204 (Ct.App.1972).

Another reason the "unseen witness" comment is not reversible error is that the tapes do not reveal a timely objection to the comment. *State v. Seaton*, 86 N.M. 498, 525 P.2d 858 (1974).

*The Sentence Imposed*

■ Section 40A–29–3, N.M.S.A. 1953 (2d Repl. Vol. 6) states the penitentiary terms to which the "judge shall sentence" a defendant. The burglary was a third degree felony; the required penitentiary sentence was for not less than two nor more than ten years. The larceny was a fourth degree felony; the required penitentiary sentence was for not less than one nor more than five years. The trial court's sentencing authority was to impose the minimum and maximum sentences provided by law.

*State v. Hovey*, 87 N.M. 398, 534 P.2d 777 (Ct.App.1975).

Defendant contends the sentence imposed is not in accordance with law. The sentence reads "that the defendant be remanded to the New Mexico State Penitentiary for a period of imprisonment of not less than three (3) nor more than fifteen (15) years on both counts of the Indictment pursuant to 42–1–59, N.M.S.A., 1953 Compilation."

Section 42–1–59, N.M.S.A. 1953 (2d Repl. Vol. 6) reads:

> Whenever any convict shall have been committed under several convictions with separate sentences, they shall be construed as one continuous sentence for the full length of all the sentences combined.

We agree with defendant that the reference to § 42–1–59, supra, does not provide an answer to defendant's contention. The statute is worded to apply to a penitentiary commitment upon multiple convictions "with separate sentences". Separate sentences were not imposed in this case.

The sentence imposed by the trial court is ambiguous because it does not specify what sentence was imposed for a particular count. *State v. Kendall*, 90 N.M. 236, 561 P.2d 935 (Ct.App.1977), rev'd on other grounds, *Kendall v. State*, 90 N.M. 191, 561 P.2d 464 (1977); see also *State v. Crespin*, 90 N.M. 434, 564 P.2d 998 (Ct.App.1977). Only after interpreting the sentence can we determine whether it was in accordance with law.

There were two sentences to be imposed under § 40A–29–3, supra; one of the sentences was to be a 2–to–10, the other was to be a 1–to–5. Unless otherwise ordered, the sentences were to be served consecutively. *Deats v. State*, 84 N.M. 405, 503 P.2d 1183 (Ct.App.1972). If the defendant had been sentenced in accordance with § 40A–29–3, supra, and the sentences were to be served consecutively, the result under § 42–1–59, supra, would be the sentence actually imposed by the trial court. Defendant's sentence is not an illegal sentence but is in accordance with law. Compare *State v. Padilla*, 85 N.M. 140, 509 P.2d 1335 (1973).

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.