612 P.2d 1306

**Paul GONZALES, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

No. 12954.

Supreme Court of New Mexico.

June 23, 1980.

William H. Lazar, El Rito, for petitioner.

Jeff Bingaman, Atty. Gen., Santa Fe, for respondent.

OPINION

FEDERICI, Justice.

Petitioner-defendant was charged with aggravated battery with a deadly weapon and found guilty. The Court of Appeals affirmed. Defendant filed a petition for writ of certiorari with this Court. We reverse.

The issue presented on appeal and by the writ of certiorari is whether the prosecu-

tor's closing argument included a comment on defendant's failure to testify in violation of defendant's rights under the Fifth Amendment of the United States Constitution and art. II, § 15 of the New Mexico Constitution.

The comment by the prosecution which defendant considered prejudicial was:

> And did you hear one word from the defense, one word of denial that he beat him with this 2 × 4. Not one word of denial. . . . What was his justification for doing to Byron what he did? He didn't tell you, the defense didn't tell you what the reason was. He didn't give you any justification. He didn't deny that he hit him with a 2 × 4 and he didn't tell you why.

It is probable that the district attorney meant his comments to apply only to the arguments of defense counsel, but his choice of words do not exclude a reasonable interpretation that he was making a direct comment on Gonzales' failure to testify.

The Fifth Amendment to the United States Constitution forbids comment by the prosecution on the accused's failure to testify at trial. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). That such a comment is reversible error is well-settled in New Mexico. *State v. Miller*, 76 N.M. 62, 412 P.2d 240 (1966); *State v. Sneed*, 76 N.M. 349, 414 P.2d 858 (1966). The above comment by the prosecutor was a direct comment on the defendant's failure to testify and constituted reversible error.

The majority in the Court of Appeals opinion cites *State v. Frank*, 92 N.M. 456, 589 P.2d 1047 (1979), *State v. Dominguez*, 91 N.M. 296, 573 P.2d 230 (Ct.App.1977), and *State v. Carmona*, 84 N.M. 119, 500 P.2d 204 (Ct.App.1972), in support of its conclusion that the comments of the prosecutor were harmless. *Frank* is consistent with our holding in this case. *Dominguez* and *Carmona* are distinguishable.

In *Frank*, this Court held that if there is a reasonable possibility that the inappropriate remarks of the prosecutor caused a jury to consider the failure of even the wife to

testify or caused it to reach a verdict it might not otherwise have reached, then those comments are grounds for reversal. In that case, this Court also stated whatever the prosecutor's intentions might have been and even if spoken with the purest of motives, if in fact the comments related to the failure of the defendant to testify, they were prejudicial and required that the conviction be set aside.

In *Dominguez*, the Court of Appeals stated that the comment by the prosecution was at most an "indirect comment" on defendant's failure to testify. In the case at bar, the prosecutor's comment was a "direct comment" on defendant's failure to testify. We do not believe the jury could have felt that someone else other than the defendant was being referred to in the specific comments made by the prosecution in his closing argument.

In *Carmona*, the Court of Appeals held that the comment was proper under the facts in that case. However, the court also stated that even if the prosecutor's remark could have been considered an "indirect comment," the defendant in his closing argument, had "opened the door" for the prosecutor's subsequent comments.

The trial court and the Court of Appeals are reversed and the defendant is granted a new trial.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, PAYNE and FELTER, JJ., concur.