659 P.2d 902

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Cody Ray TUNNELL, Defendant-Appellant.**

No. 5895.

Court of Appeals of New Mexico.

Nov. 23, 1982.

Jeff Bingaman, Atty. Gen., Anthony Tuppler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

John B. Bigelow, Chief Public Defender, Lynne Corr, Asst. Appellate Defender, Santa Fe, Sally Day Trigg, Trial Counsel, Carlsbad, for defendant-appellant.

## OPINION

DONNELLY, Judge.

We are asked to decide on interlocutory appeal an issue previously unaddressed in this jurisdiction—whether the New Mexico gross receipts tax may be properly included within the value of an item of property alleged to have been shoplifted. We hold that whether such tax should be included in the market value of the item is a factual issue for the jury to determine under the evidence presented in each case.

Defendant was arrested and charged with shoplifting merchandise having a value of more than $100.00 in the municipality of Carlsbad, Eddy County, contrary to § 30–16–20, N.M.S.A.1978. Prior to trial, defendant filed a motion to dismiss the charge of fourth degree shoplifting asserting that as a matter of law he could not be guilty of the alleged criminal offense because the item of property alleged to have been taken had a value of less than $100.00. For purposes of the court's consideration of the motion, both the State and defendant agreed to the following stipulation:

1. The marked price of the shoplifted item was $99.99, exclusive of sales tax.
2. With sales tax included, the price of the shoplifted item was $103.95.
3. Magistrate Judge Donald Price bound the defendant over on shoplifting, Fourth Degree, on the basis that market value includes sales tax.

Under the provisions of § 30–16–20(B), *supra,* a person convicted of shoplifting merchandise having a value of not more than $100.00 is guilty of a petty misdemeanor. Shoplifting of property with a value of over $100.00, but not more than $2,500 is declared to constitute a fourth degree felony.

As his sole proposition of error, the defendant argues that the market value of the merchandise cannot include the New Mexico gross receipts tax because shoplifting of property is not a taxable event and that permitting the tax to be included in the value of the property is contrary to the principle that criminal statutes should be strictly construed. Defendant also asserts as an integral facet of his argument that, since some counties and municipalities levy a gross receipts tax while others do not, the penalty imposed for shoplifting merchandise may vary depending upon the locality where the offense occurred and thereby allow counties or municipalities to intrude upon the prerogative of fixing criminal penalties, which is the legislature's alone.

The market value of merchandise alleged to have been shoplifted is a question of fact. *State v. McCabe,* 315 N.W.2d 672 (N.D.1982); *State v. Lawrence,* 120 Utah 323, 234 P.2d 600 (1951); *Fugate v. State,* 80 Okl.Cr. 200, 158 P.2d 177, 157 A.L.R. 1299 (1945). Although the phrase "value of the merchandise shoplifted" is not defined in § 30–16–20(B), *supra,* this language is synonymous with the term "market value" as defined in N.M.U.J.I. Crim. No. 16.01, N.M. S.A.1978 (1982 Repl.Pamp.). *See State v. Richardson,* 89 N.M. 30, 546 P.2d 878 (Ct. App.1976). "Market value" may be proven by evidence of the price established by public sales in the course of ordinary business. *Mose Cohen & Sons, Inc. v. Kuhr,* 13 Ohio Op.2d 453, 171 N.E.2d 207 (Ct.Com.Pleas. 1959), *aff'd* 13 Ohio Op.2d 460, 171 N.E.2d 216 (Ct.App.1960).

U.J.I.Crim. 16.01, *supra,* provides: " 'Market Value' means the price at which the property could ordinarily be bought or sold at the time of the alleged [criminal act]." The committee commentary to the instruction provides that "[t]his instruction by its terms should not limit the type of evidence that is admissible to prove market value; nor was it the intent of the committee to indicate what evidence is sufficient to prove market value in a particular case." The weight of authority supports the view that

the terms "market value" and "retail price" are identical, and that evidence which reasonably tends to show the present value of property which is stolen or shoplifted may be admitted. *State v. White,* 37 Conn.Sup. 796, 437 A.2d 145 (1981); *State v. Gyuro,* 156 Conn. 391, 242 A.2d 734 *cert. denied,* 393 U.S. 937, 89 S.Ct. 301, 21 L.Ed.2d 274 (1968).

Where property alleged to have been shoplifted is taken by defendant from a retail store, evidence of the retail selling price, including any gross receipts or sales taxes which are customarily included in the total sales price of the merchandise by the owner of the property at the time of act, is proper evidence to be considered by the trier of fact and may bear upon the market value of the property.

A jury is not bound to find market value by the nature of any one transaction. *State v. Moody,* 113 N.H. 191, 304 A.2d 374 (1973). As held in *People v. Irrizari,* 5 N.Y.2d 142, 182 N.Y.S.2d 361, 156 N.E.2d 69 (1959), evidence of the retail price of goods, if they have not depreciated or been subject to damage, constitutes proper evidence for submission to the jury to indicate the market value of the property. *See City of Albuquerque v. Martinez,* 93 N.M. 704, 604 P.2d 842 (Ct.App.1979); *Maisel v. People,* 166 Colo. 161, 442 P.2d 399 (1968), *quoting Irrizari, supra.* Where a defendant is charged with shoplifting, uncontradicted evidence that merchandise was displayed for regular sale at a marked retail price may constitute circumstantial evidence of the value of an item. *City of Albuquerque v. Martinez, supra.*

The rules governing proof of value of property in civil cases are generally applicable in criminal prosecutions. *State v. Melrose,* 2 Wash.App. 824, 470 P.2d 552 (1970); *State v. Romero,* 95 N.J.Super. 482, 231 A.2d 830 (1967). The owner of merchandise is competent to testify as to the value of the property. *Terrel v. Duke City Lumber Company,* 86 N.M. 405, 524 P.2d 1021 (Ct.App.1974) *modified,* 88 N.M. 299, 540 P.2d 229 (1975); *see also State v. Sorrell,* 95 Ariz. 220, 388 P.2d 429 (1964). The value of the property is to be determined at the time and place of the alleged criminal offense. *People v. Kolego,* 38 Colo.App. 191, 554 P.2d 712 (1976); *Oldham v. State,* 534 P.2d 107 (Wyo.1975).

Under the facts herein, the market value of the merchandise involved is not an issue properly determinable as a matter of law. *State v. Dominguez,* 91 N.M. 296, 573 P.2d 230 (Ct.App.), *cert. denied,* 91 N.M. 249, 572 P.2d 1257 (1977); *State v. McCabe, supra.* The various factors which constitute integral components of the total value of property necessarily may vary from location to location, including determination of whether the retail price of the item is subject to payment of the gross receipts tax. The same goods may have different values in different localities in the stream of commerce. *People v. Lindsay,* Colo.App., 636 P.2d 1318 (1981), *cert. denied,* November 16, 1981; *People v. Irrizari, supra.* Whether "value" under § 30–16–20, *supra,* includes gross receipts tax is subject to proof in each instance and may vary from place to place.

Since under § 7–9–4, N.M.S.A.1978 (Cum. Supp.1982), the incidence of the gross receipts and compensating tax is on the seller, an issue of fact exists as to whether the amount of the tax is customarily included in the retail selling price at the place of sale, and if so, whether it is a part of its "value." Market value is the price for which an article is bought and sold in the ordinary course of business. *McCormick v. State,* 309 So.2d 257 (Fla.App.1975).

Whether "market value" of an item includes gross receipts tax is not determinable as a matter of law but is a factual issue for the jury to determine under the facts of each case.

The order denying defendant's motion to dismiss is affirmed.

IT IS SO ORDERED.

WALTERS, C.J., concurs.

LOPEZ, J., dissents.

LOPEZ, Judge, dissenting.

I respectfully dissent.

Section 30–16–20 provides that whether shoplifting amounts to a misdemeanor or a felony turns on the value of the item shoplifted. The term "value" is neither defined in section 30–16–20 nor in the criminal code.

Value, however, is often defined in the context of larceny and shoplifting statutes as "market value." *State v. Richardson,* 89 N.M. 30, 546 P.2d 878 (Ct.App.1976). Market value is also defined in the New Mexico Uniform Jury Instructions as "the price at which the property could ordinarily be bought and sold at the time of the alleged [shoplifting]." N.M.U.J.I.Crim. 16.01 N.M. S.A. 1978 (1982 Repl.Pamph.). This proposition is well established in Judge Donnelly's opinion.

It is at this juncture, however, that I take issue with the majority opinion. I cannot agree that the tenets of criminal law permit us to consider gross receipts tax as a portion of the market value. The principle to be followed is that criminal statutes are to be strictly construed, and doubt is resolved in favor of the accused. *Bokum Resources v. N.M. Water Quality Cont.,* 93 N.M. 546, 603 P.2d 285 (1979).

In the case at bar, the price tag on the merchandise shoplifted was $99.99. I presume this to be the reasonable value, less tax, of the item. This "transaction" being a theft, the merchant did not realize a sale, or undertake to collect any receipts. Yet the tax which the state seeks to include is one levied upon the merchant to extent "of four percent of gross receipts". " 'Gross receipts' means that total amount of money or the value of other consideration, received from *selling* property in New Mexico . . . ." Section 7–9–3, N.M.S.A.1978 (Emphasis added).

Accordingly, I am compelled to agree with the defendant's position. Because the gross receipts tax is imposed upon the merchant, and is exacted in relation to the sales made and the receipts collected, I would hold, as a matter of law, that sales or gross receipts taxes cannot be considered in calculating the market value of an item which has been shoplifted.