This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                No. 33,663

**WILLIAM JEROME HUNTER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1}      Defendant has appealed from a conviction for trafficking a controlled substance.   We previously issued a notice of proposed summary disposition, proposing to affirm.  Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement.   After due consideration, we remain unpersuaded.  We therefore affirm.

{2}      Because the pertinent background information and applicable principles have previously been set out, we will avoid unnecessary repetition here and instead focus on the content of the memorandum in opposition.

{3}      First, Defendant renews his argument that he received ineffective assistance of counsel.  [MIO 9-13]  Specifically, Defendant contends that trial counsel's failure to conduct an adequate pretrial investigation, including conducting a pretrial interview of the deputy who participated in the controlled buy and subpoenaing the confidential informant to testify at the trial, was objectively unreasonable and resulted in less than a full and fair presentation of his defense.  For the present purposes, we will assume that counsel's conduct was unreasonable.  *See generally State v. Sotelo*, 2013-NMCA-028, ¶ 31, 296 P.3d 1232 (describing the two prongs of the test for ineffective assistance claims).  However, Defendant has not demonstrated that the outcome of the trial would have been different but for this failure.  *See generally id.*  Although Defendant speculates that a more thorough pretrial investigation would have

2

strengthened the defense, this is insufficient to establish a prima facie case of ineffective assistance of counsel. *See State v. Martinez*, 2007-NMCA-160, ¶¶ 20, 23, 143 N.M. 96, 173 P.3d 18 (rejecting a claim of ineffective assistance of counsel based in part upon failure to conduct pretrial interviews, where the defendant provided no specifics how his defense would have been strengthened by more preparation); *State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 (rejecting a claim of ineffective assistance based on counsel's alleged failure to investigate, where the record was inadequate to support the claim). We reject Defendant's first argument. However, we reach this conclusion without prejudice to Defendant's pursuit of habeas corpus proceedings on this issue and the development of a factual record. *See State v. Gonzales*, 2007-NMSC-059, ¶ 16, 143 N.M. 25, 172 P.3d 162.

{4}     Second, Defendant continues to challenge the sufficiency of the evidence to support his conviction. [MIO 13-17] We remain unpersuaded. As we previously observed, the State presented evidence that Defendant transferred Oxycodone to an undercover police officer in the course of a controlled buy that was facilitated by a confidential informant. [MIO 6-7] This evidence is sufficient to establish that Defendant committed the offense. *See State v. Rael*, 1999-NMCA-068, ¶ 27, 127 N.M. 347, 981 P.2d 280 (holding that an undercover agent's testimony that he purchased heroin from the defendant provided sufficient support for a conviction for

trafficking), *rev'd on other grounds sub nom. Rael v. Blair*, 2007-NMSC-006, 141 N.M. 232, 153 P.3d 657. Although Defendant continues to focus on informational gaps, including the officer's lack of complete knowledge of the interaction between the informant and Defendant, contending that the transaction could have been circular [MIO 16], the jury reasonably concluded that the evidence was sufficiently compelling to establish Defendant's guilt beyond a reasonable doubt. This Court will not second-guess the jury's decision. *See State v. Lucero*, 1994-NMCA-129, ¶ 10, 118 N.M. 696, 884 P.2d 1175 ("[A] reviewing court will not second-guess the jury's decision concerning the credibility of witnesses, reweigh the evidence, or substitute its judgment for that of the jury.").

{5} Third, Defendant renews his argument that the district court erred in failing to declare a mistrial. [MIO 17-21; RP 169] Relatedly, and by his motion to amend, Defendant argues that the prosecutor's comments effectively denied him due process and a fair trial. [MIO 1, 17-21] Because this merely elaborates upon an issue already raised, no amendment to the docketing statement is required. On the merits, however, we remain unpersuaded by Defendant's assertions of error. As we previously observed in the notice of proposed summary disposition, the prosecutor appears to have commented in closing upon defense counsel's failure to challenge identity, rather than Defendant's failure to testify. [RP 169] In response Defendant relies upon the

4

case of *Gonzales v. State*, 1980-NMSC-070, 94 N.M. 495, 612 P.2d 1306, in which the Court reversed and remanded for a new trial based upon the prosecutor's closing references to the defendant's failure to either deny the allegations or to offer any justification for his acts. [MIO 19] The Court observed that although the prosecutor probably "meant his comments to apply only to the arguments of defense counsel," his "choice of words" did "not exclude a reasonable interpretation that he was making a direct comment on [the defendant's] failure to testify." *Id.* ¶ 3. *Gonzales* is distinguishable. In this case, while we lack a precise description of the prosecutor's choice of words, the record indicates that the comment was ambiguous. Defense counsel appears to have advanced no objection; instead, the district court raised the matter sua sponte after closing arguments had concluded. [RP 169] After inviting arguments and considering the comment in context, the district court ultimately determined that the prosecutor's comment was responsive to defense counsel's closing argument. [RP 169] Although the district court offered a curative instruction, Defendant declined. [RP 169] Under the circumstances, and based on the record before us, we cannot say that the district court abused its discretion in denying Defendant's motion for mistrial. *See, e.g.*, *State v. Smith*, 2001-NMSC-004, ¶¶ 34-40, 130 N.M. 117, 19 P.3d 254 (concluding that a mistrial was not required, where a curative instruction was rejected relative to an improper question, and where the

prosecutor's closing remarks, "[t]aken in context," were responsive to the argument of defense counsel, were based on evidence presented at trial, and did not amount to direct comment upon [the d]efendant's refusal to testify); *State v. Dominguez*, 2014-NMCA-064, ¶¶ 22, 25, 327 P.3d 1092 ("Trial judges are afforded broad discretion in managing closing arguments because they are in the best position to assess the impact of allegedly improper statements by counsel. We therefore review for abuse of discretion and will only find reversible error in the most exceptional circumstances." (internal quotation marks and citation omitted)).

{6}     Fourth and finally, Defendant continues to assert that his constitutional right to a speedy trial was violated. [MIO 22-27] As we observed in the notice of proposed summary disposition, the first three factors weigh in Defendant's favor, albeit slightly. [MIO 23-25; CN 6-8] Ultimately, however, the absence of particularized prejudice to the defense constitutes a fatal deficiency. The New Mexico Supreme Court has explained that "generally a defendant must show particularized prejudice" to his ability to defend himself and that it is only where "the length of delay and the reasons for the delay weigh heavily in [the] defendant's favor and [he] has asserted his right and not acquiesced to the delay" that "the defendant need not show [particularized] prejudice" in order to prevail on a speedy trial claim. *State v. Garza*, 2009-NMSC-038, ¶ 39, 146 N.M. 499, 212 P.3d 387. In this case, Defendant does not

6

claim the loss of any exculpatory witnesses, the deterioration of exculpatory evidence, or any other kind of particularized prejudice to his defense. *See id.* ¶ 36. Neither his generalized assertions of anxiety and concern nor the travel limitations associated with the conditions of his release are sufficient, particularly in light of Defendant's failure to request any modification. [MIO 27] *See* id. ¶ 37 (concluding that where the defendant only demonstrated "prejudice in the form of restrictions imposed by pre-trial conditions of release and stress[,]" he failed to demonstrate particularized prejudice as required). We therefore reject Defendant's speedy trial claim. *See id.* ¶ 40 (holding that because the "other factors do not weigh heavily in [the d]efendant's favor" and "[b]ecause [the d]efendant failed to demonstrate particularized prejudice . . . we cannot conclude that [the d]efendant's right to a speedy trial was violated").

{7}     Accordingly, for the reasons stated in our notice of proposed summary disposition and in this Opinion, we affirm.

{8}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**

7

_____
**J. MILES HANISEE, Judge**