884 P.2d 1175

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Ross Leon LUCERO, Defendant–
Appellant.**

**No. 14649.**

Court of Appeals of New Mexico.

Sept. 21, 1994.

Certiorari Denied Nov. 3, 1994.

Sammy J. Quintana, Chief Public Defender, Amme M. Hogan, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Tom Udall, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## *OPINION*

DONNELLY, Judge.

Defendant appeals his convictions of four counts of contributing to the delinquency of a minor (CDM), contrary to NMSA 1978, Section 30–6–3 (Cum.Supp.1993), and one count of criminal sexual penetration in the third degree (CSP3), contrary to NMSA 1978, Section 30–9–11(E) (Cum.Supp.1992). We (1) summarily answer Defendant's claims of: (a) insufficiency of the evidence; (b) improper admission of opinion testimony; (c) error involving jury instructions; and (d) prosecutorial misconduct; and discuss (2) whether the trial court erred in excluding evidence of the victim's alleged prior sexual conduct; and (3) Defendant's claim of cumulative error. We affirm.

## *FACTS*

In July 1991 Defendant, an Albuquerque city policeman, observed M.R., a minor female, crying and walking down a street. After asking M.R. why she was crying, where she lived, and how old she was, Defendant accompanied her to her residence. Several

weeks later, while in uniform, Defendant went to M.R.'s apartment. M.R. testified that on this occasion they kissed, and Defendant sought to have her perform fellatio. When she resisted and turned away, Defendant told her to stop turning her head. M.R. testified she did not want to do this, but complied because she was scared. She said she did not know what Defendant, a policeman, would do if she resisted.

In September 1991 Defendant saw M.R. again. This meeting occurred when M.R.'s roommate, D.M., another minor female, persuaded M.R. to go out with D.M. and Defendant. They met Defendant, who was in his police car, at a park near the city zoo. They followed Defendant to his house, where Defendant got into the back seat of D.M.'s car. Defendant asked D.M. to take him to a bar to purchase beer. After purchasing liquor at the bar, Defendant, D.M., and M.R. drank beer and some Jack Daniels. M.R. testified that she became ill and asked D.M. to take her home.

Instead of driving M.R. home, D.M. drove to a deserted lot. M.R. testified that she got out of the car because she was feeling sick. M.R. then observed that D.M. and Defendant were in the back seat engaging in sexual intercourse. Sometime later, Defendant asked M.R. to get in the car; M.R. refused. Defendant got out of the car and began to disrobe M.R. She testified that she attempted to prevent Defendant from doing this; however, Defendant undressed her and took her to the back seat of the car where they had sexual intercourse. Thereafter, Defendant and M.R. got out of the car and then engaged in sexual intercourse on the hood of the car. Despite M.R.'s complaints that Defendant was hurting her, he did not stop. M.R. testified that, thereafter, Defendant took her back inside the car where they again had sexual intercourse.

In February 1992 Defendant was charged with twenty-five different criminal offenses involving three minor teenage girls—M.R., D.M., and T.T. The specific charges that involved M.R. were two counts of CSP3, two of criminal sexual contact of a minor (CSCM), and four of CDM.

Prior to trial the district attorney's office dismissed the charges involving D.M. At the conclusion of the State's case-in-chief, the trial court directed a verdict in favor of Defendant on each of the charges involving T.T. The jury acquitted Defendant of both counts of CSCM and one count of CSP3 involving M.R. However, the jury convicted him on all counts of CDM and one count of CSP3.

### 1. ISSUES ANSWERED SUMMARILY

#### (a) Claim of Insufficiency of the Evidence

■ Defendant contends that there was insufficient evidence to support his convictions of CDM and CSP3 involving M.R. We disagree. There was evidence that Defendant knew that M.R. was under the age of eighteen, that he gave her alcohol, that he had sex with her on two different occasions, and that he encouraged D.M. and M.R. to engage in sexual touching of each other. The standard of review applied by an appellate court in evaluating a defendant's claim of insufficiency of the evidence is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of each charge beyond a reasonable doubt. State v. Garcia, 114 N.M. 269, 274, 837 P.2d 862, 867 (1992).

The jury convicted Defendant of causing M.R. to perform fellatio. This formed the basis of his convictions for CDM (renumbered Count 1) and CSP3 (renumbered Count 2). Defendant's act of providing alcohol or drinking alcohol with M.R. provided the basis for his conviction of CDM under renumbered Count 3. Defendant's act of encouraging M.R. to sit on his lap and engage in sexual intercourse provided the basis for his conviction of CDM as charged in renumbered Count 4; and Defendant's act of encouraging D.M. and M.R. to lay on top of one another and engage in sexual touching constituted the basis for Defendant's conviction of CDM involving M.R. under renumbered Count 7. The jury could properly determine from this evidence that Defendant's acts were sufficient to provide a factual basis for his convictions of CDM; each of these acts tended to "cause or encourage delinquency" on the part

of M.R. *State v. Trevino,* 116 N.M. 528, 534, 865 P.2d 1172, 1178 (1993).

■ In challenging his convictions of CDM, Defendant argues that in order for the State to prove that he committed CDM it was required to show that Defendant's acts had an adverse effect on M.R. and caused her to become delinquent. We find this argument unpersuasive. In order to prove the offense of CDM, in violation of Section 30–6–3, the State does not need to prove that Defendant's acts had any particular effect on the victim; it is enough that his acts encourage the child to engage in delinquent behavior. *Trevino,* 116 N.M at 533, 865 P.2d at 1177.

■ Defendant also argues that there was insufficient evidence to support his conviction of one count of CSP3 involving M.R. M.R. testified that Defendant forced her to perform fellatio; that Defendant was in uniform when this occurred; and that Defendant used physical force. This testimony was sufficient to support Defendant's conviction on this charge. Although Defendant testified that M.R.'s act of performing fellatio was consensual, a reviewing court will not second-guess the jury's decision concerning the credibility of witnesses, reweigh the evidence, or substitute its judgment for that of the jury. *See State v. Landers,* 115 N.M. 514, 520, 853 P.2d 1270, 1276 (Ct.App.1992), *cert. quashed,* 115 N.M. 535, 854 P.2d 362 (1993). The test is whether substantial evidence exists to support a verdict of guilty beyond a reasonable doubt as to each essential element of the charged offense. *See State v. Sutphin,* 107 N.M. 126, 130–31, 753 P.2d 1314, 1318–19 (1988). The question of whether Defendant's acts which caused M.R. to perform fellatio was accompanied by sufficient force to constitute CSP3 was an issue to be determined by the jury. *Cf. State v. Clokey,* 89 N.M. 453, 453, 553 P.2d 1260, 1260 (1976) (determination of whether the defendant's acts were accompanied by sufficient force to constitute robbery was factual issue to be resolved by fact finder).

■ To prove CSP3, the State must establish that the penetration was intentional. Section 30–9–11. During sentencing the judge stated, "I do not feel that there was a criminal intent in the sense that I find in so many other people where there's intent to harm someone else." Defendant contends the judge's statement constituted a finding that the State failed to present proof of his intent to commit CSP3. We disagree. The statement merely reflected the court's observation during sentencing that it did not believe Defendant physically intended to harm M.R.; the statement did not constitute a finding that there was no evidence upon which the jury could determine that Defendant lacked the requisite general intent necessary to prove the offense of CSP. *Cf. Ledbetter v. Webb,* 103 N.M. 597, 604, 711 P.2d 874, 881 (1985) (trial court's verbal remarks can be used to clarify, but not to reverse, a finding).

■ Defendant also argues that the State presented no evidence concerning a police officer's responsibility when off duty. Defendant contends that the State's references to Defendant's status as a police officer left the jury with the impression that he was under a higher duty to observe the law than individuals who are not police officers. In prosecuting Defendant for CDM and CSP, the State was not required to offer evidence of Defendant's off-duty responsibilities. The State, however, did present evidence that, at all relevant times herein, Defendant was employed as a police officer and that during the commission of certain of the offenses he was in uniform. Evidence of Defendant's status as a police officer was material and relevant to the issue of whether he committed CSP3 using his status as a police officer to force M.R. to engage in fellatio or perform other delinquent acts. *See* § 30–9–11(C). The State told the jury during closing argument that Defendant had a duty as a police officer not to drink with minors or to encourage them to become intoxicated. Defendant argues again that this conduct occurred while he was off duty. We decline to address this portion of Defendant's argument because he has failed to indicate on appeal that he objected on this ground or otherwise presented this argument to the trial court. *See* SCRA 1986, 12–213(A)(3) (Repl.1992) (requiring showing on appeal how issue was preserved

below); *see also* SCRA 1986, 12–216(A) (Repl.1992) (to preserve question for appellate review, ruling on issue must have been invoked before trial court); *State v. Lopez,* 105 N.M. 538, 546, 734 P.2d 778, 786 (Ct.App. 1986) (the defendant cannot complain on appeal of claimed errors where no objection was voiced below), *cert. quashed,* 105 N.M. 521, 734 P.2d 761, *and cert. denied,* 479 U.S. 1092, 107 S.Ct. 1305, 94 L.Ed.2d 160 (1987).

### (b) *Allowance of Opinion Testimony*

■ Defendant contends that he was denied a fair trial when the trial court permitted Detective D.A. Morimoto to testify over his objection that she believed Defendant had committed a crime involving T.T. We believe that any error in the admission of this testimony was harmless in view of the fact that the question related only to Defendant's actions involving T.T., not M.R. Moreover, the trial court granted a directed verdict in favor of Defendant as to each count involving T.T. Defendant has failed to show how the trial court's ruling prejudiced him as to the charges involving M.R. In order for error to be reversible it must be prejudicial. *State v. Bobbin,* 103 N.M. 375, 378, 707 P.2d 1185, 1188 (Ct.App.), *cert. denied,* 103 N.M. 287, 705 P.2d 1138 (1985); *cf. State v. Lara,* 110 N.M. 507, 515, 797 P.2d 296, 304 (Ct.App.) (the defendant not prejudiced by rejection of proffered instructions where he was not convicted of charges to which instruction related), *cert. denied,* 110 N.M. 330, 795 P.2d 1022 (1990).

### (c) *Claim of Error Involving Jury Instructions*

■ Defendant contends the trial court erred in instructing the jury, because the CDM instruction based on SCRA 1986, 14–601, and as given by the court, contains language not included in Section 30–6–3 defining the offense of CDM. He argues that the statute defining CDM does not mention injury to the health, welfare or morals of a minor, while the jury instruction does. *Compare* § 30–6–3 *with* SCRA 14–601. Defendant did not raise this issue below, but argues on appeal that the matter constitutes fundamental error. We disagree. A similar

argument was recently considered and rejected by our Supreme Court in *State v. Henderson,* 116 N.M. 537, 539–40, 865 P.2d 1181, 1183–84 (1993) (encouraging conduct by a minor that is injurious to health, morals or welfare of a minor constitutes offense of CDM). *See also State v. Wilson,* 116 N.M. 793, 795, 867 P.2d 1175, 1177 (1994) (Court of Appeals may not question validity of instruction ruled upon and upheld by Supreme Court).

■ Defendant additionally contends that he was denied a fair trial because the jury was given a general intent instruction, and that intent is not an element of CDM. *See State v. Gunter,* 87 N.M. 71, 72, 529 P.2d 297, 298 (Ct.App.), *cert. denied,* 87 N.M. 48, 529 P.2d 274 (1974), *and cert. denied,* 421 U.S. 951, 95 S.Ct. 1686, 44 L.Ed.2d 106 (1975). He also argues the jury was given a mistake of fact instruction and that the jury was not informed as to which offenses the general intent instruction and the mistake of fact instruction applied. Because each of these contentions was not raised below, Defendant contends they constitute fundamental error. Under the circumstances presented here we find that Defendant waived any objection to the claimed errors by failing to raise these matters before the trial court. *See State v. Gonzales,* 86 N.M. 556, 558, 525 P.2d 916, 918 (Ct.App.1974) (appellate court will not consider issues involving instructions not raised below), *overruled on other grounds by State v. Bender,* 91 N.M. 670, 579 P.2d 796 (1978). Nor do we find that such issues rise to the level of fundamental error. *State v. Ortega,* 112 N.M. 554, 566, 817 P.2d 1196, 1208 (1991) (fundamental error will be invoked only when question of guilt is so doubtful as to shock conscience of court to allow conviction to stand, or where court considers it necessary to avoid miscarriage of justice); *see also State v. Rodriguez,* 81 N.M. 503, 505, 469 P.2d 148, 150 (1970).

■ Defendant also argues that he was denied a fair trial because the jury was instructed about undefined "sexual actions," and that there was no evidence to support this instruction. As a general rule, however, the failure to instruct concerning definitions of various elements of a crime does not con-

stitute error. *State v. Jennings,* 102 N.M. 89, 93, 691 P.2d 882, 886 (Ct.App.), *cert. quashed,* 102 N.M. 88, 691 P.2d 881 (1984). We see no prejudice resulting to Defendant by the failure to define this common term under the facts herein. *State v. Gonzales,* 112 N.M. 544, 553, 817 P.2d 1186, 1195 (1991) (definitional instructions are not required when words are used in their ordinary sense and have a common meaning).

■ Defendant further argues that the trial court erred in giving an instruction that the jury could find him guilty of CDM if it found that he either "provided alcohol or drank alcoholic beverages with [M.R.]." He argues that he could have been convicted under this instruction if he merely drank alcohol in M.R.'s presence instead of furnishing or providing it to M.R. Defendant, however, has failed to preserve this issue for appellate review. In advancing this contention he has failed to indicate that he made a timely objection to this instruction, or that he voiced an objection below at a point when the trial court could have made further inquiry of the jury concerning its verdict on this count. *See Lopez,* 105 N.M. at 546, 734 P.2d at 786. Nor do we believe that this issue constitutes fundamental error. *Ortega,* 112 N.M. at 566, 817 P.2d at 1208.

(d) *Claim of Prosecutorial Misconduct*

■ Defendant claims that he was overcharged in this case. In view of the fact that all of the charges against Defendant involving T.T. and D.M. were dismissed, and that the jury acquitted him of two charges involving M.R., the record fails to support Defendant's claims of vindictiveness or overcharging. *See State v. Stevens,* 96 N.M. 627, 630, 633 P.2d 1225, 1228 (1981) (no presumption of vindictiveness when a prosecutor seeks to bring additional charges before the defendant has successfully asserted his legally protected rights at trial or on appeal), *cert. denied,* 458 U.S. 1109, 102 S.Ct. 3489, 73 L.Ed.2d 1371 (1982).

■ Defendant also asserts that the State misstated the evidence during closing arguments. Once more, however, Defendant has failed to indicate that he voiced any objections concerning the alleged misstate-

ments, nor has he indicated on appeal where these claimed errors were preserved. The burden is on Defendant to make a timely objection to the arguments of opposing counsel. *State v. Seaton,* 86 N.M. 498, 502, 525 P.2d 858, 862 (1974). Thus, we reject these contentions.

## 2. *EXCLUSION OF EVIDENCE OF PAST SEXUAL CONDUCT*

In a motion in limine, the trial court excluded evidence of M.R.'s alleged prior sexual conduct. Defendant sought to offer this evidence to show that M.R. was already delinquent, and that M.R. appeared to be an adult, which supported his defense of mistake of fact in that he believed M.R. was over eighteen years of age at the time of the commission of each of the alleged acts. He argues that the trial court erred in excluding this evidence and that it was relevant to his defense of mistake of fact. *See* SCRA 1986, 14–5120. Specifically, he contends that the exclusion of this evidence interfered with his right to present a defense and to confront the witnesses against him. He also argues that because M.R. had previously engaged in similar sexual conduct, she was already delinquent when he met her; thus, he reasons his acts did not cause her to become delinquent.

■ The trial court ruled that evidence of M.R.'s past sexual conduct was not relevant to the charges of CDM contained in the indictment. We agree. The CDM statute, Section 30–6–3, states:

> Contributing to the delinquency of a minor consists of any person committing any act or omitting the performance of any duty, which act or omission *causes or tends to cause or encourage the delinquency of any person under the age of eighteen years.*

> Whoever commits contributing to the delinquency of a minor is guilty of a fourth degree felony. [Emphasis added.]

In *Trevino* the defendant argued that the State had to prove the defendant's act actually caused delinquency. The New Mexico Supreme Court rejected this argument and held that the defendant's act need not actually cause delinquency. *See Trevino,* 116 N.M.

at 534, 865 P.2d at 1178 (the defendant is punished for his own acts, not those of the juvenile; the jury may properly convict of CDM if the defendant's acts actually caused or encouraged commission of delinquent act); *see also State v. Leyba,* 80 N.M. 190, 192, 453 P.2d 211, 213 (Ct.App.) (CDM does not depend on the end result, but on the defendant's acts), *cert. denied,* 80 N.M. 198, 453 P.2d 219 (1969).

The Court in *Trevino* stated that "[w]hile it may be helpful for the jury to hear evidence on whether a particular act tends to cause or encourage delinquent behavior either generally or with respect to the particular victim, such evidence is not required in the jury's exercise of common sense." *Id.,* 116 N.M. at 533, 865 P.2d at 1177. *Trevino* also held that "[t]he jury can convict for CDM if the defendant's act actually caused or encouraged the particular minor to commit a delinquent act or if the act only tends to cause or encourage delinquency generally." *Id.,* 116 N.M. at 534, 865 P.2d at 1178. Defendant, focusing on the above statements, argues that our Supreme Court has recognized the right of a defendant to offer evidence of a minor's past sexual conduct.

Defendant further asserts that evidence of M.R.'s sexual history and lifestyle was admissible as a pertinent character trait. However, character evidence is inadmissible to prove that present conduct is consistent with prior conduct. SCRA 1986, 11–404(B) (Repl. 1994). Defendant's response is that he sought to introduce this evidence to prove that M.R. was already delinquent. We believe the exclusion of M.R.'s past sexual conduct was proper.

■ Although we assume, but do not decide, that under certain factual situations, evidence of a minor's prior sexual conduct may be properly admitted in defense of a charge of CDM, under the record before us we find no error in the trial court's exclusion of such evidence. Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or if it confuses the issues or misleads the jury. SCRA 1986, 11–403 (Repl.1994); *cf.* NMSA 1978, § 30–9–16(A) (Repl.Pamp.1984) (providing that evidence of the victim's past sexual conduct in prosecutions for certain sexual offenses is not admissible unless court finds evidence is material to case "and that its inflammatory or prejudicial nature does not outweigh its probative value"). Even where a defendant has made a showing of relevancy of the past sexual conduct of an alleged victim, the balancing test of SCRA 11–403 must be applied by the trial court. *See State v. Herrera,* 92 N.M. 7, 16, 582 P.2d 384, 393 (Ct.App.), *cert. denied,* 91 N.M. 751, 580 P.2d 972 (1978). The trial court is invested with broad discretion in applying SCRA 11–403, and the exclusion of evidence will be upheld absent a showing of an abuse of discretion. *State v. Chamberlain,* 112 N.M. 723, 726, 819 P.2d 673, 676 (1991). An abuse of discretion may be found when the trial court's decision is contrary to logic and reason. *See Behrmann v. Phototron Corp.,* 110 N.M. 323, 327, 795 P.2d 1015, 1019 (1990).

In this case the trial court allowed other evidence regarding Defendant's mistake of fact defense. This evidence included testimony that M.R. drank alcohol, acted and dressed like a mature woman, lived in her own apartment, paid her own bills, had a twenty-one-year-old boyfriend, and, in fact, told others that she was eighteen or older. As a result, any evidence of M.R.'s past sexual conduct would be cumulative of other evidence regarding Defendant's mistake of fact defense. At the hearing on the State's motion in limine, Defendant proposed a limiting instruction that would have directed the jury to consider evidence of M.R.'s past sexual conduct on the CDM charges but not the CSP charges. The trial court stated that "[j]urors [would] have trouble with [that instruction]." Under SCRA 11–403 the trial court concluded that the evidence would mislead the jury. We find no abuse of the trial court's discretion. The trial court could properly determine that the inflammatory and prejudicial nature of such evidence would outweigh its probative effect. Additionally, because certain of the charges of CDM involving M.R. were also related to alleged sexual acts of Defendant, the trial court could reasonably determine that the proffered instruction would be confusing. *See State v. Kraul,* 90 N.M. 314, 317, 563 P.2d 108, 111

(Ct.App.) (court may refuse to give instruction that is confusing), *cert. denied*, 90 N.M. 637, 567 P.2d 486 (1977).

In sum, the trial court's exclusion of M.R.'s past sexual conduct was not contrary to logic and reason and is well within the discretion afforded to the trial court. Therefore, we hold that the evidence of M.R.'s past sexual conduct was properly excluded.

### 3. *CLAIM OF CUMULATIVE ERROR*

Because our review fails to disclose any reversible error, there is no cumulative error. *State v. Kenny*, 112 N.M. 642, 650, 818 P.2d 420, 428 (Ct.App.) (doctrine of cumulative error does not apply if no errors were committed depriving the defendant of fair trial), *cert. denied*, 112 N.M. 499, 816 P.2d 1121 (1991).

### CONCLUSION

The trial court's judgment and sentences of Defendant are affirmed.

IT IS SO ORDERED.

MINZNER, C.J., and BOSSON, J., concur.