This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                      **NO. 34,087**

**ZACHARY PRIMROSE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio J. Viscoli, Assistant Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     Following the entry of a conditional guilty plea to driving while under the influence of intoxicating liquor (DWI), first offense, Defendant challenges the sufficiency of the evidence to support the determination that he was in actual physical control of the vehicle and possessed the intent to drive. [DS 1; MIO 9; RP 88-89] Our notice proposed to affirm. Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2}     In our calendar notice, we proposed to hold that sufficient evidence was presented to uphold the determination that Defendant was in actual physical control of the vehicle with the intent to drive. [CN 3] Our notice observed that the following facts supported the finding that Defendant was in actual physical control with the intent to drive: Defendant was in the driver's seat, the keys were in the ignition and the engine was running, the headlights were turned on, the window on the driver's side was rolled down, the time was almost 4:00 a.m., there was clear weather, and "the vehicle was stopped and angled away from the curb on a residential street." *See State v. Sims*, 2010-NMSC-027, ¶ 33, 148 N.M. 330, 236 P.3d 642 (listing factors which may be indicative of actual physical control with the intent to drive, including whether the engine was running, the ignition was on, location of the ignition key, occupant's position in the vehicle, whether the occupant was awake, whether the headlights were

on, the location of the vehicle, whether the driver pulled off of the road voluntarily, time, weather, the presence of heat or air conditioning in the vehicle, whether the windows were rolled down, and any other circumstances). [CN 3-4; RP 87-89]

{3}    In his memorandum in opposition, Defendant continues to argue that under *Sims*, sufficient evidence was not presented to prove beyond a reasonable doubt that Defendant possessed the requisite intent to drive. [MIO 10, 13] *See id.* ¶ 4 (stating that where there is no evidence of actual driving, "the fact finder must assess the totality of the circumstances and find that (1) the defendant was actually, not just potentially, exercising control over the vehicle, and (2) the defendant had the general intent to drive so as to pose a real danger to himself, herself, or the public"). In support of his continued assertion, Defendant posits that he was asleep or unconscious at the wheel when Officer Floyd woke him up; [MIO 2, 10] his vehicle was legally parked, albeit angled outward, and not obstructing traffic; [MIO 11] the wheels were not turned; [MIO 12] and the vehicle was not in gear. [MIO 12] Defendant also maintains that his lack of intent to drive was demonstrated by the fact that he brought an overnight bag with him to the party he was at and that he merely fell asleep in his vehicle as he was listening to music and smoking cigarettes. [MIO 12-13]

{4}    We acknowledge Defendant's continued argument that he lacked an intent to drive and that "[w]hile a few factors suggest a tenuous inference [Defendant] had

3

intended to drive, the vast weight of the evidence (or lack thereof) miligates [sic] such a finding." [MIO 12] Specifically, we note Defendant's emphasis on the fact that Defendant was asleep or unconscious, reflecting an intent to sleep in his vehicle rather than drive. [MIO 11-12] *See generally id.* ¶ 25. However, the facts in *Sims* are distinguishable because while the defendant was asleep or unconscious, the vehicle was parked in a commercial parking lot, the engine was not running, and the keys were in the front passenger seat. *Id.* ¶ 1. It is the role of the factfinder to weigh the enumerated factors and determine, under the totality of the circumstances, whether Defendant exercised actual physical control over the vehicle with the intent to drive. *Id.* ¶¶ 33-34. This Court will not second-guess the factfinder's decision or reweigh the evidence. *See generally State v. Lucero*, 1994-NMCA-129, ¶ 10, 118 N.M. 696, 884 P.2d 1175 ("[A] reviewing court will not second-guess the jury's decision concerning the credibility of witnesses, reweigh the evidence, or substitute its judgment for that of the jury."). The role of an appellate court is to determine whether substantial evidence exists to support the conviction, and not whether contrary evidence exists to support an acquittal. *State v. Anderson*, 1988-NMCA-033, ¶ 8, 107 N.M. 165, 754 P.2d 542. We therefore conclude that sufficient evidence was presented that Defendant was in actual physical control of the vehicle with the requisite intent to drive.

{5}    To conclude, for the reasons detailed in our notice and discussed above, we affirm.

{6}    **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**LINDA M. VANZI, Judge**