This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 34,127**

**JOSEPH SKAGGS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Terrence Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}    Defendant challenges the sufficiency of the evidence to support his convictions for trafficking methamphetamine (by possession with intent to distribute) and possession of a firearm by a felon. [MIO 1; DS 5; RP 164-166] Our notice proposed to affirm. Defendant filed a memorandum in opposition, which we have duly considered. We remain unpersuaded by Defendant's arguments and therefore affirm.

{2}    As an initial matter, we note that the docketing statement challenged the sufficiency of the evidence only with respect to Defendant's trafficking conviction. [DS 5] Defendant's memorandum in opposition also challenges the sufficiency of the evidence to support his conviction for possession of a firearm by a felon. [MIO 1, 3] We construe this as a motion to amend the docketing statement. Defendant states that when the police searched his home, they found a black-powder rifle, [DS 1] but that the rifle "was merely a collectible, and not, legally speaking, a firearm at all." [MIO 2] Defendant also claims that Detective Miranda testified that he saw the rifle "in the north-west bedroom of the house," but this testimony could not have been correct because the kitchen, not the bedroom, was in the north-west part of the house. [MIO 3-4] Defendant's argument asks us to reweigh the evidence, which we do not do on appeal. *State v. Sedillo*, 2001-NMCA-001, ¶ 6, 130 N.M. 98, 18 P.3d 1051 ("This Court does not weigh the evidence and may not substitute its judgment for that of the trial court.") The record indicates that two rifles were found in Defendant's bedroom,

and that Defendant has prior felony convictions. [RP 18] We hold that this evidence was sufficient evidence to convict Defendant of possession of a firearm by a felon. *See State v. Garcia*, 2005-NMSC-017, ¶¶ 15-16, 22, 138 N.M. 1, 116 P.3d 72 (affirming a defendant's conviction for felon in possession of a firearm based on the theory of constructive possession where the gun was found under the defendant's seat in his vehicle next to a beer bottle and the defendant was seated on an ammunition clip that matched the gun). Further, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [a d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Because the issue Defendant seeks to add is not viable, we deny his motion to amend. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the docketing statement based upon a determination that the argument sought to be raised was not viable).

{3} Apart from his motion to amend the docketing statement, Defendant continues to argue that there was insufficient evidence to uphold his conviction for trafficking by possession with intent to distribute. [MIO 1-3] Our notice observed that Detective Miranda accompanied a confidential informant to make several controlled purchases of methamphetamine from Defendant, and subsequently, a search warrant was issued for Defendant's vehicle and the house he was staying at. [CN 5; RP 17-18] Inside of

3

the vehicle, officers found a bag containing a substance that appeared to be marijuana and a small box containing about 20 grams of a substance that tested positive for methamphetamine. [CN 5; RP 18] During the search of the home, the following items were found in Defendant's bedroom: five grams of a white substance that tested positive for methamphetamine, a scoop, and two smaller baggies each with 0.2 grams of a white substance that tested positive for methamphetamine. [CN 6; RP 18] Additionally, in the bedroom closet, inside a women's purse, officers found "a large quantity of unused clear plastic baggies commonly used in the sale and distribution of narcotics," which were of "the same type as found containing the 20 grams of methamphetamine found inside the vehicle." [CN 6; RP 18] As such, for the reasons provided in our notice, we hold that there was substantial evidence to support the jury verdict. *See generally State v. Rael*, 1999-NMCA-068, ¶ 27, 127 N.M. 347, 981 P.2d 280 (holding that an undercover agent's testimony that he purchased heroin from the defendant provided sufficient support for a conviction for trafficking); *see also State v. Zamora*, 2005-NMCA-039, ¶ 24, 137 N.M. 301, 110 P.3d 517 (explaining that testimony presented regarding quantity of crack cocaine, packaging, and scales was sufficient to establish trafficking by possession with intent to distribute).

{4}     In closing, we acknowledge Defendant's assertions that he only told police that the drugs were his because police threatened to charge Defendant's wife, that the

evidence presented by the State was inconsistent, and that the State failed to present any forensic evidence linking him to the drugs. [MIO 2-3] This Court will not second-guess the jury's decision. *See generally State v. Lucero*, 1994-NMCA-129, ¶ 10, 118 N.M. 696, 884 P.2d 1175 ("[A] reviewing court will not second-guess the jury's decision concerning the credibility of witnesses, reweigh the evidence, or substitute its judgment for that of the jury."). The role of an appellate court is to determine whether substantial evidence exists to support the conviction, and not whether contrary evidence exists to support an acquittal. *State v. Anderson*, 1988-NMCA-033, ¶ 8, 107 N.M. 165, 754 P.2d 542.

{5}     For the reasons detailed in our notice and discussed above, we affirm.

{6}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**TIMOTHY L. GARCIA, Judge**

5