This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38975**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MICHAEL LOPEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his convictions of trafficking controlled substances and tampering with evidence, asserting that the trial evidence was insufficient to support those convictions. [MIO 1] This Court issued a notice of proposed summary disposition proposing to affirm the district court, noting that the evidence was sufficient to support a finding that Defendant intended to possess the drugs found in his anal cavity while he was being booked into the Eddy County Detention Center. [CN 5] Defendant has filed a memorandum in opposition to that disposition, asserting that the trial evidence did not support findings that he intended to distribute those drugs or that he hid the drugs. [MIO 4, 8] Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}**      With regard to his trafficking conviction, Defendant asserts that evidence of the amount of drugs at issue was insufficient to establish his intent to distribute those drugs. [MIO 4] In doing so, Defendant relies upon *State v. Becerra*, 1991-NMCA-090, 112 N.M. 604, 817 P.2d 1246. In that case, this Court reversed a trafficking conviction for lack of any evidence establishing the concentration of a drug, or how long it would take a single user to consume the amount found. *Id.* ¶ 22. We concluded that intent to distribute could not be determined solely from the amount of drugs because the jury was unable to assess whether that amount was more consistent with personal use solely on the basis of "common knowledge." *Id.* ¶ 23 (internal quotation marks omitted). *Becerra* is distinguishable.

**{3}**      In this case, the jury was not tasked with assessing the quantity of drugs based solely upon common sense; instead, there was opinion testimony that the amount at issue was not consistent with personal use. [MIO 6] On appeal, Defendant seeks to impeach that opinion by suggesting that the witness may have failed to consider Defendant's size or that he has a high tolerance for drugs because he is a heavy user. [Id.] We note that Defendant is not asserting he was prevented from asking the witness questions about the basis for that opinion. Such questions involve the weight to be given a witness's opinion, and juries are free to consider the basis of opinion testimony or, indeed, to disregard the opinion in its entirety. *See State v. McDonald*, 1998-NMSC-034, ¶ 21, 126 N.M. 44, 966 P.2d 752 (noting the ability of juries to weigh the basis of an expert's opinion).

**{4}**      This Court, on the other hand, "will not second-guess the jury's decision concerning the credibility of witnesses, reweigh the evidence, or substitute its judgment for that of the jury." *State v. Lucero*, 1994-NMCA-129, ¶ 10, 118 N.M. 696, 884 P.2d 1175; *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (explaining that an appellate court does not "substitute its judgment for that of the fact[-]finder"). Evidence regarding Defendant's size and tolerance for drugs might have provided a basis for the jury to find different facts regarding Defendant's intent. Those findings, however, are the province of the jury, and not for this Court to decide on appeal. Ultimately, Defendant's suggestion regarding matters the witness may not have considered in forming an opinion raises a fact question that could be explored at trial, but does not provide a basis for reversal on appeal. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (noting that the fact-finder is "free to reject" contrary evidence, and therefore, such evidence "does not provide a basis for reversal").

**{5}**      Defendant also challenges the evidence to support a finding that he hid evidence. [MIO 8-12; *see* RP 196 (jury instruction requiring jury to find that Defendant "hid" the drugs at issue)] For support, Defendant points out that several corrections officers testified that they saw him put the drugs in his anal cavity. [MIO 9; *see* DS PDF 5 (describing testimony that "Defendant was sitting on a bench and acting in a manner so as to conceal the presence of baggies containing a substance in his buttocks")] As a result, Defendant asserts that "the drugs were never hidden because the officers knew where they were the entire time." [MIO 9] We are not persuaded. Defendant suggests,

and we agree, that the meaning of the word "hide" is "to put out of sight." [MIO 8] We understand that Defendant put the drugs out of sight and that they remained so until he was later strip-searched and required to perform a "squat and cough" that resulted in their recovery. [MIO 2] *Cf. State v. Jackson*, 2021-NMCA-___, ¶ 9, ___ P.3d ___ (No. A-1-CA-38218, Aug. 19, 2021) (reversing tampering conviction where contraband "was never concealed" from law enforcement officers). Accordingly, we conclude that the evidence supported a finding that Defendant hid the drugs when he placed them in his anal cavity.

{6}     Thus, for the reasons stated both here and in our notice of proposed summary disposition, we affirm Defendant's convictions on appeal.

{7}     IT IS SO ORDERED.

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**