This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41158**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**LUIS RODRIGUEZ-MONGE,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Nina Safier, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Defendant appeals his conviction for driving while under the influence (DUI). We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}** Defendant continues to argue that the evidence was insufficient to support his conviction. [MIO 1-4] "In reviewing for sufficiency of the evidence, we must determine

whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Torres*, 2018-NMSC-013, ¶ 42, 413 P.3d 467 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Comitz*, 2019-NMSC-011, ¶ 16, 443 P.3d 1130 (internal quotation marks and citation omitted). Under the sufficiency of the evidence standard, evidence is viewed "in the light most favorable to the guilty verdict, . . . resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{3}**     Defendant has not renewed his arguments that there was insufficient evidence to establish that he was impaired to the slightest degree and to establish a nexus between impairment and driving. Defendant also abandons his argument that the district court committed fundamental error by considering his exercise of his right to remain silent. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue). Defendant challenges only the sufficiency of the evidence to prove that he had intent to operate the motor vehicle. [MIO 1-4] *See State v. Sims*, 2010-NMSC-027, ¶¶ 7, 10-12, 148 N.M. 330, 236 P.3d 642 (recognizing that a defendant can be convicted of DUI based on being in "actual physical control" of the vehicle while impaired, whether or not the vehicle is moving); *see also State v. Mailman*, 2010-NMSC-036, ¶ 28, 148 N.M. 702, 242 P.3d 269 (providing that "[a]ctual physical control is not necessary to prove DWI unless there are no witnesses to the vehicle's motion and insufficient circumstantial evidence to infer that the accused actually drove while intoxicated" (emphasis omitted)); UJI 14-4511 NMRA ("A person is 'operating' a motor vehicle if the person is . . . driving the motor vehicle; or, in actual physical control with the intent to drive the vehicle, whether or not the vehicle is moving").

**{4}**     To determine whether an individual was in actual physical control of the vehicle and had a general intent to drive so as to pose a real danger to himself or the public, our Supreme Court has adopted a nonexhaustive list of factors to consider: (1) whether the vehicle was running; (2) whether the ignition was turned on; (3) where the key was located; (4) where and in what position the driver was in the vehicle; (5) whether or not the person was awake; (6) whether the vehicle's headlights were on; (7) whether the vehicle was stopped; (8) whether the driver had voluntarily pulled off the road; (9) time of day; (10) weather conditions; (11) whether the heater or air conditioner was on; (12) whether the windows were up or down; and (13) any explanation of the circumstances demonstrated by the evidence. *See Sims*, 2010-NMSC-027, ¶ 33; *see also* UJI 14-4512 NMRA (listing substantially similar factors).

**{5}**     In his memorandum in opposition, Defendant continues to argue that under *Sims*, the evidence was not sufficient to prove that he possessed the requisite intent to drive. [MIO 2-3] Defendant concedes that the key was in the ignition and the engine was

running, but argues that was necessary because Defendant was using the air conditioner. [MIO 1] Defendant also argues that his sitting in the driver's seat of the vehicle with the seat not reclined is consistent with his using the vehicle as a shelter. [MIO 2] Defendant also notes that his vehicle was legally parked in a parking space. [MIO 2-3] Defendant also points out that he was found either asleep or unconscious in the vehicle, further reflecting a lack of intent to drive. *See generally id.* ¶ 25.

**{6}** We note, however, that the circumstances in *Sims* are distinguishable because while the defendant was asleep or unconscious, the engine was not running, and the keys were in the front passenger seat. *Id.* ¶ 1. And, despite Defendant's explanations to the contrary, the metropolitan court found it significant that Defendant was in the driver's seat, that his seat was not reclined, and that this all occurred during daytime hours, indicating that he was not intending to use the vehicle as a shelter. *See Sims*, 2010-NMSC-027, ¶ 33; *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318 (recognizing that the question for us on appeal is whether the trial court's "decision is supported by substantial evidence, not whether the [district] court could have reached a different conclusion"); *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 ("An appellate court does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence."). Additionally, Defendant's statement to police that he was in the parking lot to meet his son, which the metropolitan court found relevant to his intent to drive, supports an inference that was not using his vehicle as a shelter while he slept off his intoxication. *See Sims*, 2010-NMSC-027, ¶ 3 (recognizing that the Legislature did not intend "to forbid intoxicated individuals from merely entering their vehicles as passive occupants or using their vehicles for temporary shelter").

**{7}** Ultimately, it is the role of the fact-finder to weigh the enumerated factors and determine, under the totality of the circumstances, whether Defendant exercised actual physical control over the vehicle with the intent to drive. *See id.* ¶¶ 33-34. This Court will not second-guess the fact-finder's decision or reweigh the evidence. *See generally State v. Lucero*, 1994-NMCA-129, ¶ 10, 118 N.M. 696, 884 P.2d 1175 ("[A] reviewing court will not second-guess the jury's decision concerning the credibility of witnesses, reweigh the evidence, or substitute its judgment for that of the jury."). For these reasons, and those set out in our notice of proposed summary disposition, we conclude that sufficient evidence was presented that Defendant was in actual physical control of the vehicle with the requisite intent to drive.

**{8}** For these reasons, we affirm Defendant's conviction.

**{9}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**